UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| CHRISTOPHER J. HINSON, individually and on behalf of all others similarly situated, | : : : : |
| Plaintiff, | : Case No: 5:23-cv-13032-JEL-DRG : : |
| v. | : : |
| DTE ELECTRIC COMPANY, a Michigan corporation, | : : : |
| Defendant. | : |

**<u>ORDER APPROVING FLSA SETTLEMENT</u>**

On October 30, 2025, the Court held a hearing on Plaintiff Christopher J. Hinson's Unopposed Motion for Approval of FLSA Settlement ("Approval Motion"). (ECF No. 22). The Approval Motion asks the Court to approve, as fair and reasonable, the proposed settlement that the Parties reached and memorialized in the Settlement Agreement and Specific Release ("Settlement" or "Agreement"), attached to the Approval Motion as Exhibit B.

Having reviewed the Approval Motion, the Agreement, the Declarations of Jesse Young and Jonathan Melmed, and the pleadings and papers on file in this action, and for the reasons set forth on the record and set forth below, the Court enters this Order designating the FLSA Collective, for settlement purposes only, and

1

approving the settlement, including the proposed attorneys' fees and expense reimbursements to Class Counsel, and the settlement administrator fee.

1. The captioned action asserts wage-and-hour claims under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, on behalf of non-exempt employees of Defendant DTE Electric Company.

2. On November 30, 2023, Plaintiff filed a collective action Complaint asserting that Defendant violated the overtime provisions of the FLSA, 29 U.S.C. § 201, *et seq.* (ECF No. 1).

3. In general, Plaintiff alleged that Defendant violated the FLSA by failing to pay Plaintiff and the putative collective members the proper overtime rate when calculating their regular rate of pay in connection with various forms of non-discretionary compensation earned in weeks during which they worked overtime hours.

4. Defendant filed its Answer and Affirmative Defenses on February 26, 2024, in which it denied the allegations in Plaintiffs' Complaint and asserted 28 affirmative defenses. (ECF No. 10).

5. Thereafter, the Parties held multiple meet-and-confer conferences during which they discussed, among other things: the applicable scope of Plaintiff's claims; the viability of Plaintiff's claims; issuance of notice to the collective; the voluntary exchange of pay and timekeeping data to analyze the potential damages;

2

and the possibility of exploring resolution via direct negotiations or with the assistance of a third-party mediator.

6. Ultimately, the Parties decided to exchange informal discovery (including pay and timekeeping data) to identify the measure of alleged damages related to Plaintiff's claims and to explore resolution. Plaintiff retained an expert data analyst to prepare a comprehensive damage analysis.

7. On August 28, 2024, the Parties stipulated to an Order to stay the case pending private mediation so they could attempt to reach a settlement. (ECF No. 18).

8. In late October 2024, the Parties agreed on mediator, Michael Dickstein, and scheduled a mediation date of May 2, 2025.

9. In mid-February 2025, the Parties attended a pre-mediation conference with Mr. Dickstein for purposes of discussing matters such as employee payroll and timekeeping data, damage models, and possible settlement structures.

10. In February and April 2025, the Parties exchanged information and held numerous meet and confers related to the topics discussed with Mr. Dickstein during his February 2025 conference, including proposed non-economic settlement terms, and payroll and timekeeping data for approximately 4,255 employees.

11. The Parties also engaged their own respective experts to review the payroll and timekeeping data, and to assist with calculating damages and creating damages for use in the mediation.

12. On May 2, 2025, the Parties attended mediation with Mr. Dickstein. The Parties engaged in an all-day mediation and reached a settlement in principle.

13. The Parties filed a Notice of Settlement on June 17, 2025. (ECF No. 19).

14. Over the next two months, the Parties continued to negotiate the structure and other details of the settlement and reached an impasse in early July 2025 over the structure of the settlement. The Parties re-engaged Mr. Dickstein to assist them in resolving the impasse and held a conference with Mr. Dickstein on July 14, 2025 for that purpose.

15. The Parties were able to work through the impasse and continued to negotiate the structure and other details of the settlement (e.g., timing of payment).

16. The Court held a status conference on September 22, 2025 and set a deadline of October 13, 2025 for the Parties to file their settlement approval motion. The parties subsequently exchanged supplemental data for 244 additional employees.

17. The Parties ultimately finalized the long-form settlement agreement, and the proposed settlement notice, which are now before the Court for approval.

18. The Settlement will cover the Named Plaintiff and all of the Eligible Employees who elect to participate in the Settlement by depositing their Individual Settlement Payments. There are 4,499 Eligible Employees.

19. The Agreement provides that, in consideration of the $1,500,000 Gross Settlement Amount, the regular rate claims of the Named Plaintiff and all of the Eligible Employees who deposit and/or cash their Individual Settlement Payment will be dismissed with prejudice.

20. The Court finds that the proposed Settlement is fair and reasonable and satisfies the standard for approval under § 16(b) of the FLSA, 29 U.S.C. § 216(b). The Court finds that the Settlement resulted from arms-length negotiations between experienced counsel after substantial investigation. Class Counsel has informed the Court that they believe the Settlement is fair, reasonable, and adequate, and in the best interests of the Named Plaintiff and all of the Eligible Employees. The Court has considered all relevant factors, including the risk, complexity, expense, and likely duration of the litigation; the extent of investigation; the amount offered in the Settlement; and the Parties' counsel's experience and views.

21. The Court approves the settlement documents attached to the Approval Motion as Exhibit B, and orders that the Settlement be implemented according to the terms and conditions of the Agreement and as directed herein. The Court grants final approval of the Settlement as to the Named Plaintiff and all Eligible Employees who elect to participate in the Settlement by depositing their Individual Settlement Payments.

22. The Court approves the payment of reasonable attorneys' fees to Sommers Schwartz, P.C. and Melmed Law Group, P.C. in the amount of $500,000.

23. The Court approves reimbursement to Sommers Schwartz, P.C. and Melmed Law Group, P.C. of litigation expenses incurred in this matter in an amount not to exceed $28,000.

24. The Court appoints Atticus Administration, LLC, to serve as settlement administrator and grants it fees in an amount not to exceed $15,650.

25. The Court dismisses the case with prejudice but retains jurisdiction over the action to enforce the Settlement, including notice administration and the settlement distribution process.

**SO ORDERED.**

Date: October 30, 2025                     s/Judith E. Levy
                                           JUDITH E. LEVY
                                           United States District Judge

CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email addresses disclosed on the Notice of Electronic Filing on October 30, 2025.

                                           s/William Barkholz
                                           WILLIAM BARKHOLZ
                                           Case Manager